IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL L. FEIRICK, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>ANDY HUGHES, *et al.*, )<br>)<br>Respondents. ) | Civil Action No. 1:12cv638-TMH<br>(WO) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   INTRODUCTION**

This cause is before the court on a *pro se* petition for habeas corpus relief pursuant to 28 U.S.C. § 2241 filed by Michael Feirick ("Feirick") on July 23, 2012. Doc. No. 1.  Feirick is currently incarcerated in the Houston County Jail following his arrest for failing to appear at a hearing to show cause why his probation/suspended sentence should not be revoked, and/or why he should not be held in contempt of court, for failure to comply with his community corrections conditions.  He asserts that this arrest and incarceration are unlawful and seeks an order directing that he be released from custody.  The respondents have filed an answer (Doc. No. 9; filed Aug. 22, 2012) in which they contend that Feirick's habeas petition should be dismissed without prejudice because he has failed to exhaust his available state remedies.

## II. DISCUSSION

A § 2241 petitioner seeking federal habeas relief must first have exhausted his available state remedies.[1] State remedies are ordinarily not considered exhausted so long as a petitioner may effectively present his claims to the state courts by any currently available and adequate procedure. *Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 489 (1973). Pursuant to 28 U.S.C. § 2254(c), a petitioner "shall not be deemed to have exhausted the remedies available in the court of the State ..., if he has the right under the law of the State to raise, by any available procedure, the question presented." Typically, in order to exhaust, a petitioner must fairly apprise the highest state court of the federal rights that were allegedly violated. *See O'Sullivan v. Boerckel*, 526 U.S. 828, 845 (1999); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985).

Feirick challenges the lawfulness of his arrest and current incarceration in the Houston County Jail. That incarceration is based on his failure to appear at a hearing to show cause why his probation/suspended sentence should not be revoked, and/or

---

[1] Although the statutory language of 28 U.S.C. § 2241 itself does not contain an exhaustion requirement, this Circuit has determined that the requirements of § 2254, including exhaustion of state remedies, apply to a subset of petitioners to whom § 2241(c)(3) applies, i.e., those who are "in custody in violation of the Constitution or laws or treaties of the United States." *See Medberry v. Crosby*, 351 F.3d 1049, 1059 (11th Cir. 2003); *Dill v. Holt*, 371 F.3d 1301, 1303 (11th Cir. 2004); *see also Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 489-92 (1973); *Brown v. Estelle*, 530 F.2d 1280, 1284 (5th Cir. 1976).

why he should not be held in contempt of court, for failure to comply with his community corrections conditions. Alabama law recognizes the right of a person "imprisoned or restrained of his liberty in the State of Alabama on any criminal charge or accusation or under any other pretense whatever ... [to] prosecute a writ of habeas corpus ... to inquire into the cause of such imprisonment or restraint." Ala. Code 1975 § 15-21-1. However, it does not appear that Feirick has challenged his arrest and incarceration in any state court proceedings.[2] He therefore has failed to exhaust his state remedies.[3]

This court does not deem it appropriate to rule on the merits of Feirick's claims without first requiring that he exhaust state court remedies. *See* 28 U.S.C. § 2254(1)(b)(2). Further, this court should abstain from now considering Feirick's claims out of deference to the state courts. Principles of federalism and comity require that this court abstain until all state criminal proceedings are completed and a petitioner exhausts available judicial state remedies unless special circumstances

---

[2] This court afforded Feirick an opportunity to show cause why his petition should not be dismissed for failure to exhaust state remedies. *See* Doc. No. 10. However, Feirick did not avail himself of that opportunity.

[3] The respondents assert that the state court proceedings with respect to Feirick will be the setting of a new show-cause hearing, and that if Feirick's probation/suspended sentence is then revoked, Feirick's recourse will be to appeal that revocation to the Alabama Court of Criminal Appeals. It appears from an exhibit included with the respondents' answer that a new show-cause hearing for Feirick was scheduled for August 24, 2012. *See* Doc. No. 9-9 at 2.

warranting federal intervention prior to a state criminal proceeding can be found. *Carden v. Montana*, 626 F.2d 82, 83 (9th Cir. 1980). Because no special circumstances are presented that warrant excusing the exhaustion requirement, the court therefore concludes that the instant petition should be dismissed without prejudice so that Feirick may exhaust available state court remedies. *See* 28 U.S.C. § 2254(1)(b)(2).

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2241 petition for habeas corpus relief filed by Feirick be DISMISSED without prejudice to afford Feirick an opportunity to exhaust all available state court remedies. It is further

ORDERED that the parties are DIRECTED to file any objections to the Recommendation **on or before October 18, 2012**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable. Failure to file written objections to the proposed findings and recommendations in the Magistrate

Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc ), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

    Done this 4th day of October, 2012.

    /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE